# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD DAVID JONES, JR.,<br><br>    Plaintiff,<br><br>  v.<br><br>ERIC ARNOLD, et al.,<br><br>    Defendants. | 1:16-cv-00473-LJO-BAM<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF THIS ACTION AS DUPLICATIVE<br><br>FOURTEEN-DAY DEADLINE |

**I.     Background**

Plaintiff Edward David Jones, Jr. ("Plaintiff") is a state prisoner proceeding pro se in this civil action. Plaintiff's complaint, filed on April 1, 2016, is currently before the Court.

On April 4, 2016, Plaintiff filed a separate civil action. That action has been assigned lower case number 1:16-cv-00469-DAD-BAM. The Court also has entered orders in that action, including an order granting Plaintiff's application to proceed in forma pauperis and an order dismissing his complaint with leave to amend.

A review of the instant action reveals that the complaint involves the same allegations and parties as case number 1:16-cv-00469-DAD-BAM.[1]  Both actions name Eric Arnold,

---

[1] The Court notes that the Complaint in this action is entitled "Motion: Supplemental An Briefings Writs Petition Writ Mandates Injunction Declaratory Reliefs-Mandamus-Writ (Tortiously) [sic] Cross Complaint (Federal Rule Civil Procedure) (Rule 15. Supplements An Pleadings.  Doc. 1.  If Plaintiff intended this pleading to be filed

Schwarzenegger and Susan Hubbard. Both actions allege that Plaintiff's mother, Geneva Jones, died after alleged exposure to Valley Fever while visiting Plaintiff in prison.

**II.      Discussion**

"Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9 th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 533 U.S. 880, 904 (2008). In assessing whether a second action is duplicative of the first, the court examines whether the causes of action and relief sought, as well as the parties or privies to the action, are the same. *Adams*, 487 F.3d at 689. First, the court must examine whether the causes of action in the two suits are identical pursuant to the transaction test, developed in the context of claim preclusion. *Id.* Second, the court determines whether the defendants are the same or in privity. *Id.* at 691.

A plaintiff is required to bring at one time all of the claims against a party or privies relating to the same transaction or event. *Adams*, 487 F.3d at 693. The court has discretion to dismiss a duplicative complaint with prejudice to prevent a plaintiff from "fragmenting a single cause of action and litigating piecemeal the issues which could have been resolved in one action." *Adams*, 487 F.3d at 694 (quoting *Flynnv. State Bd. of Chiropractic Exam'rs*, 418 F.2d 668 (9th Cir. 1969) (per curiam)).

Here, the named defendants and the underlying facts and events are identical to those in 1:16-cv-00469-DAD-BAM. The Court therefore finds that this action is duplicative of case number 1:16-cv-00469-DAD-BAM.

**III.     Conclusion and Recommendation**

For the reasons stated, it is HEREBY RECOMMENDED that this action be dismissed as duplicative of case number 1:16-cv-00469-DAD-BAM.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within**

---

with the pleadings in 1:16-cv-00469-DAD-BAM, then he may, only as appropriate and necessary, incorporate this pleading with any amended complaint filed in 1:16-cv-00469-DAD-BAM.

1  **fourteen (14) days** after being served with these findings and recommendations, Plaintiff may
2  file written objections with the Court.  The document should be captioned "Objections to
3  Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file
4  objections within the specified time may result in the waiver of the "right to challenge the
5  magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir.
6  2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

8  IT IS SO ORDERED.

9     Dated:   **June 19, 2016**                        /s/ *Barbara A. McAuliffe*
10                                                                        UNITED STATES MAGISTRATE JUDGE