# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD DAVID JONES, JR., <br><br> Plaintiff, <br><br> v. <br><br> ERIC ARNOLD, et al., <br><br> Defendants. | Case No.: 1:16-cv-00473-LJO-BAM (PC) <br><br> ORDER REGARDING MOTION FOR ACKNOWLEDGEMENTS <br><br> (ECF No. 5) |

Plaintiff Edward David Jones, Jr. ("Plaintiff"), a state prisoner proceeding pro se, initiated this civil action on April 1, 2016. On August 4, 2016, the Court dismissed this action as duplicative of case number 1:16-cv-00469-DAD-BAM. Doc. 3. Judgment was entered accordingly that same day. Doc. 4.

Currently before the Court is Plaintiff's motion for acknowledgements. Doc. 5. In the motion, Plaintiff discusses his allegations and the procedural history of both this action and the 1:16-cv-00469-DAD-BAM action. He specifically states that he filed an amended complaint in Case No. 1:16-cv-00489-DAD-BAM, and tried his best to overcome any deficiencies of his complaint in that action. *Id.* at 3. Plaintiff's motion is difficult to understand, but it appears he is concerned about the dismissal of this action, and would like the dismissal to be reconsidered. It also appears he is concerned that the judgment in this action affects Case No. 1:16-cv-00469-DAD-BAM. The Court construes this motion as a motion for reconsideration pursuant to Federal Rule of Civil Procedure Rule 60(b)(6).

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be 'used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances'" exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (quoting *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006)). The moving party "must demonstrate both injury and circumstances beyond his control." *Latshaw*, 452 F.3d at 1103. In seeking reconsideration of an order, Local Rule 230(j) requires a party to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." L.R. 230(j). "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the ... court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009).

Plaintiff has presented no grounds for reconsideration of the dismissal of this action. As a result, his motion will be denied. To Plaintiff's concerns regarding Case No. 1:16-cv-00489-DAD-BAM, Plaintiff is informed that this action and that action are separate, and the judgment in this matter does not affect the pendency of the other case.

Accordingly, it is HEREBY ORDERED that Plaintiff's motion for acknowledgements, seeking reconsideration of the dismissal of this action, (Doc. 5), is DENIED.

IT IS SO ORDERED.

Dated:   **August 18, 2016**          **/s/ Lawrence J. O'Neill**
UNITED STATES CHIEF DISTRICT JUDGE